**Dennis GALLIPEAU, Plaintiff–Appellant,**

v.

**MICROSOFT CORPORATION, Defendant–Appellee.**

No. 11–35696.

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 9, 2012.*

Filed Oct. 12, 2012.

Dennis Gallipeau, Yazoo City, MS, pro se.

W. Ward Morrison, Jr., Riddell Williams, PS, Seattle, WA, for Defendant–Appellee.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

### MEMORANDUM **

Dennis Gallipeau appeals pro se from the district court's judgment dismissing his diversity action against Microsoft Corporation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R.Civ.P. 12(b)(6). *Henry A. v. Willden,* 678 F.3d 991, 998 (9th Cir.2012). We affirm.

The district court properly dismissed Gallipeau's action because Gallipeau's allegations that Microsoft failed to instruct him on how to permanently delete files from his computer, leading to his imprisonment for knowing possession of child pornography, do not state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Factual allegations must be enough to raise a right to relief beyond the speculative level[.]").

The district court properly dismissed the case with prejudice. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir.1998) (explaining that a dismissal with prejudice is proper where amendment would be "an exercise in futility").

The district court did not abuse its discretion in denying Gallipeau's motion for reconsideration because Gallipeau's late-filed opposition to the motion to dismiss was considered by the court and did not present grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993) (setting forth standard of review and grounds warranting reconsideration).

Gallipeau's request in his opening brief that counsel should be appointed for him on appeal is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.